JS-6

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

MARK PIKE,

Plaintiff,

v.

ZURICH AMERICAN INSURANCE COMPANY,
TRACEY LAZARUS, an individual,
ANDREW ATKINSON, an individual, and
DOES 1-50, inclusive,

Defendants.

Case No. 8:26-cv-00515-JWH-JDE

**ORDER REGARDING PLAINTIFF'S MOTION TO REMAND [ECF No. 18] AND DEFENDANTS' MOTION TO DISMISS [ECF No. 25]**

Before the Court are two motions:

- the motion of Plaintiff Mark Pike to remand this case to Orange County Superior Court;[1] and
- the motion of Defendants Zurich American Insurance Company, Tracey Lazarus, and Andrew Atkinson to dismiss Pike's Amended Complaint.[2]

The Court concludes that these matters are appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[3] the Court **GRANTS** Pike's Motion to Remand and **DENIES as moot** Defendants' Motion to Dismiss.

## I. BACKGROUND

Pike alleges that while he was employed by Zurich, his supervisor—Lazarus—retaliated against him for his refusal to support Lazarus during a human resources investigation. Pike also alleges that Atkinson—Zurich's human resources manager—pushed Pike out of the company because Pike took medical leave and subsequently attempted to return to work.[4]

Based upon those allegations of workplace discrimination, in December 2025 Pike filed his initial Complaint in Orange County Superior Court, asserting seven claims arising under California state law.[5] The Complaint named as

---

1 Pl.'s Mot. to Remand (the "Motion to Remand") [ECF No. 18].

2 Defs.' Mot. to Dismiss (the "Motion to Dismiss") [ECF No. 25].

3 The Court considered the documents of record in this action, including the following papers: (1) Notice of Removal (the "Notice") [ECF No. 1]; (2) First Am. Compl. (the "Amended Complaint") [ECF No. 17]; (3) Motion to Remand; (4) Motion to Dismiss; (5) Defs.' Opp'n to the Motion to Remand (the "Remand Opposition") [ECF No. 28]; and (5) Pl.'s Reply in Supp. of the Motion to Remand [ECF No. 31].

4 Amended Complaint 3:4-24.

5 Decl. of Brianna S. Wilson in Supp. of the Notice [ECF No. 3], Ex. A (the "Complaint").

Defendants Zurich, Lazarus, and Atkinson. With respect to citizenship, the Complaint alleged that Pike was a citizen of California, that Zurich's principal place of business was in Illinois, that Lazarus resided in Colorado, and that Atkinson resided in California.[6]

In March 2026, Zurich removed the action to this Court on the basis of diversity jurisdiction.[7] Zurich contends that complete diversity exists because none of the claims was asserted against Atkinson or Lazarus, and, thus, they are sham defendants whose citizenship is irrelevant for the purpose of diversity jurisdiction.[8] One week after Zurich removed the case, Pike filed an Amended Complaint that added a claim for harassment in violation of California's Fair Housing and Employment Act ("FEHA") against all Defendants and amended the claim for violation of Cal. Labor Code § 1102.5 to assert it against Atkinson and Lazarus.[9]

Pike subsequently filed the instant Motion to Remand, and Defendants filed the instant Motion to Dismiss.

## II. LEGAL STANDARD

### A. Motion to Remand

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court

---

[6] *Id.* at ¶¶ 1-4.

[7] Notice.

[8] *Id.* at ¶¶ 21-28.

[9] *See* Amended Complaint.

must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even when original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. ANALYSIS

Because Pike's Motion to Remand challenges this Court's subject matter jurisdiction, the Court addresses it first. Pike argues that because he—a California citizen—asserts two claims against Atkinson—also a California

citizen—complete diversity does not exist and remand is appropriate. Defendants respond that because there is no viable claim for relief against Atkinson, he was fraudulently joined and his citizenship may be disregarded.

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual joined in the action cannot be liable on any theory.'" *Id.* (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But 'if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (citing *Hunter*, 582 F.3d at 1046). Accordingly, the issue is whether there is any possibility that Atkinson may be liable under Cal. Labor Code § 1102.5 or liable for FEHA harassment. The Court concludes that the possibility exists that Pike can state a claim against Atkinson under either of those two theories.

**A. Cal. Labor Code § 1102.5**

The Court concludes that it is at least possible that a California court would recognize a claim against Atkinson under Cal. Labor Code § 1102.5. The relevant portion of the statute provides as follows:

> An employer, ***or any person acting on behalf of the employer***, shall not retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of [a] state or federal

> statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

Cal. Lab. Code § 1102.5(b) (emphasis added). While it is undisputed that before 2014, only employers could be held civilly liable for violations of Cal. Labor Code § 1102.5, the statute was amended in 2013[10] to include the language: "or any person acting on behalf of the employer."

Since the enactment of the 2013 amendment, "more than a dozen courts considering motions to remand based on fraudulent joinder of individual defendants have determined that state law is unsettled following the 2013 amendment, such that 'as a matter of state law, it is not obvious whether a defendant can or cannot be found personally liable under § 1102.5.'" *Dawson v. Caregard Warranty Serv., Inc.*, 2024 WL 661198, at *1 (C.D. Cal. Jan. 12, 2024) (citing *Moren v. Nat'l Express Transit, Inc.*, 2021 WL 5602820, at *2 (E.D. Cal. Nov. 30, 2021)). Although some courts within the Ninth Circuit have concluded that, at the motion-to-dismiss stage or motion-for-summary-judgment stage, Cal. Labor Code § 1102.5 does not provide for individual liability, the standard on a motion to remand is more permissive. Here, Pike need establish only that it is ***possible*** that a state court would recognize his claim. *See Albert*, 2026 WL 800669, at *4. Because California courts have not definitively addressed whether individuals may be liable under Cal. Labor Code § 1102.5, this Court concludes that the possibility exists that Pike could state a claim for relief against Atkinson under Cal. Labor Code § 1102.5. *See Albert*, 2026 WL 800669, at *4-*5; *Phong v. Golden Bank, N.A.*, 2026 WL 445622, at *3-*4 (C.D. Cal. Feb. 17, 2026); *Gonzales v. Home Depot U.S.A., Inc.*, 2025 WL 2753160, at *3 (E.D. Cal. Sept. 26, 2025).

[10] The amendment went into effect on January 1, 2014.

**B. FEHA Harassment**

The Supreme Court of California has explained that FEHA prohibits harassment by "an employer . . . or *any other person*," which includes "one or more individuals, partnerships, associations, corporations, limited liability companies, legal representatives, trustees, trustees in bankruptcy, and receivers or other fiduciaries." *Reno v. Baird*, 18 Cal. 4th 640, 644-45 (1998) (citing Cal. Gov't Code §§ 12925(d) & 12940(h)(1)) (emphasis in original). Thus, it is possible that a California Court could find that Pike has stated a claim against Atkinson for harassment under FEHA. Defendants ask the Court to engage in what amounts to an analysis under Rule 12(b)(6) of the Federal Rules of Civil Procedure of the sufficiency of Pike's pleading regarding Atkinson,[11] but such an analysis is not appropriate on a motion to remand.

Thus, the Court concludes that Atkinson was not fraudulently joined. Because he was a citizen of California at the time relevant to this action, complete diversity does not exist, and remand is appropriate. Accordingly, the Court **GRANTS** Pike's Motion to Remand, and **DENIES as moot** Defendants' Motion to Dismiss.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Pike's Motion to Remand [ECF No. 18] is **GRANTED**.
2. This action is **REMANDED** to Orange County Superior Court.

---

[11] Remand Opposition 9:19-11:20.

3. Defendants' Motion to Dismiss [ECF No. 25] is **DENIED as moot**. Defendants may pursue their arguments in state court, as may be appropriate.

**IT IS SO ORDERED.**

Dated: July 31, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE